# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:17-cr-00221-JAD-EJY-1 |
| Plaintiff | |
| v. | **Order Denying Defendant's Motion in Limine to Suppress Cell-Phone Pings** |
| Rushard Burton, | [ECF No. 200] |
| Defendant | |

Rushard Burton seeks to exclude records at trial regarding his cell-site location information, claiming that they are the product of an unlawful search under the Supreme Court's recent decision in *Carpenter v. United States*.[1] The government argues that Burton's motion in limine is actually a motion to suppress and is untimely under this court's stipulated scheduling order, and that it collected Burton's data in good faith by relying on the Stored Communication Act's pre-*Carpenter* authorization of warrantless cell-site location information collection. Because Burton's motion is untimely and the Ninth Circuit has already held that these records, when properly collected pre-*Carpenter*, are not subject to the exclusionary rule, I deny Burton's motion.

## Discussion

**I.  Burton's motion is untimely.**

Although styled as a motion in limine, Burton's motion is actually a motion to suppress and subject to Federal Rule of Criminal Procedure 12.[2] The court-imposed deadline to file such

---

[1] ECF No. 200 at 2 (citing *Carpenter v. United States*, 138 S. Ct. 2206 (2018)).

[2] Fed. R. Civ. P. 12(b)(3)(B)(v) ("The following defenses, objections, and requests must be raised by pretrial motion . . . suppression of evidence."); 12(c)(1) ("The court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions . . . . If the court does not set one, the deadline is the start of the trial.").

a motion lapsed on December 19, 2018—more than a year before Burton's filing.[3] But "a court may consider the defense, objection, or request if the party shows good cause" to do so.[4] Burton has not made such a showing. First, Burton was aware of the factual and legal basis for this motion at least six months before the filing deadline and eighteen months before his actual filing—he received a copy of the order permitting the seizure of his cell-site location information in November 2017[5] and the *Carpenter* Court invalidated such orders in June 2018.[6] Second, Burton's counsel has not explained, via affidavit or otherwise, why he was "under the impression"[7] that the pretrial-motion filing deadline had changed with the current trial date, given that the parties had explicitly stipulated to the December 2018 motion deadline. Third, while Burton complains that he has continued to receive belated productions of cell-phone data from the government, he fails to demonstrate why those productions bear on his motion to suppress an order produced long ago. So I find that his motion is untimely under Rule 12 and I deny it as such.

**II.     Burton's cell-phone data need not be suppressed.**

Even were Burton's motion timely, I would still deny it on its merits. In *Carpenter*, the Supreme Court determined that acquisition of historical cell-site location information over an extended period under the Stored Communications Act (SCA) required a search warrant subject to the Fourth Amendment's protections.[8] But just because the government obtained a

---

[3] ECF No. 146 at 5.
[4] Fed. R. Crim. P. 12(c)(3).
[5] ECF No. 212-1.
[6] *Carpenter*, 138 S. Ct. at 2206.
[7] ECF No. 213 at 2.
[8] *Carpenter*, 138 S. Ct. at 2221.

defendant's cell-phone data without a warrant, it does not follow that any records collected without a warrant are automatically subject to suppression. The exclusionary rule is "a deterrent sanction"; it is not designed to remedy past individual harms.[9] As the Supreme Court held in *Illinois v. Krull*, the exclusionary rule does not bar the introduction of evidence obtained by the government, acting in "objectively reasonable reliance upon a statute" that is "ultimately found to violate the Fourth Amendment."[10]

In *United States v. Korte*, the Ninth Circuit held that cell-site location information, like Burton's, "acquired pre-*Carpenter*[,] is admissible—so long as the Government satisfied the SCA's then-lawful requirements—under *Krull*'s good-faith exception."[11] There, the Ninth Circuit declined to exclude cell-phone data collected without a warrant because the government's unlawful search was in reasonable reliance on the SCA's authorization and the "prevailing belief" pre-*Carpenter* that cell-phone data is "not protected by the Fourth Amendment."[12] I am

---

[9] *Davis v. United States*, 564 U.S. 229, 231–32 (2011); *see also United States v. Korte*, 918 F.3d 750, 759 (9th Cir. 2019) ("[T]he exclusionary rule's limited purpose [is] to deter future Fourth Amendment violations, rather than remedy the rights of a single aggrieved party.").

[10] *Illinois v. Krull*, 480 U.S. 340, 342 (1987).

[11] *Korte*, 918 F.3d at 759.

[12] *Id.* at 758.

bound by this precedent and, thus, also find that Burton's data was collected in good faith under the SCA.[13]  So I decline to suppress this evidence, and I deny Burton's motion.

**Conclusion**

IT IS THEREFORE ORDERED that defendant's motion in limine to suppress cell-phone pings **[ECF No. 200] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: May 12, 2021

---

[13] As is clear from the Order for Search Warrant and Pen Register/Trap and Trace with Real-Time Precision Location, the government and the issuing court relied on the SCA's specific-and-articulable facts standard in permitting the collection of Burton's cell-site location information. *See* ECF No. 212-1 at 3.