UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:17-cr-00221-JAD-EJY-1 |
|---|---|
| Plaintiff | |
| v. | **Order Denying Motion for Return of Property** |
| Rushard Burton, | [ECF No. 332] |
| Defendant | |

Defendant Rushard Burton moves for the return of property that was seized during his arrest.[1] The government opposes Burton's motion because he fails to provide a basis for the property's return, specify what property he wants returned, and acknowledge the effect such a return might have on his pending appeal.[2] Because Burton has not sufficiently identified the property he wants returned, and his pending appeal is a legitimate reason to retain the property, I deny Burton's motion.

**Discussion**

Federal Rule of Criminal Procedure 41(g) permits a defendant "aggrieved by an unlawful search and seizure of property or by the deprivation of property [to] move for the property's return."[3] "When a motion for return of property is made before an indictment is filed (but a criminal investigation is pending), the [defendant] bears the burden of proving both that the [property's] seizure was illegal and that he [ ] is entitled to lawful possession of the property."[4] But the burden of proof changes if "the property in question is no longer needed as evidence,

---

[1] ECF No. 332 at 1.

[2] ECF No. 341 at 1–2.

[3] Fed. R. Crim. P. 41(g).

[4] *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987).

either because trial is complete, the defendant has pleaded guilty, or . . . the government has abandoned its investigation."[5] Then the defendant "is presumed to have a right to the property's return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property."[6] Because Burton filed his motion after he pled guilty,[7] the burden is the government's.

The first reason that Burton's request must be denied is that he has not sufficiently identified what property he wants returned. In his motion, Burton states that he wants "clothes, laptop, iPad, cell phones, and anything else that may be returned."[8] But these descriptions are too vague for the court to fashion an order. Without more identifying information about these items it would be impossible to determine which items Burton is referring to.

Even had Burton sufficiently identified his items, however, I would deny this motion. As the Ninth Circuit has held, a defendant's motion for return of property may be denied if the government needs the property as the case continues.[9] Burton contends that his property should be returned because the case has concluded,[10] but the government has shown that it has not.[11] Burton's appeal was filed on January 27, 2022, and it remains pending.[12] So, as of now, the government argues, any such property constitutes evidence.[13] Because the Ninth Circuit

---

[5] *Id.*

[6] *Id.*

[7] ECF. No. 316.

[8] ECF No. 332 at 1.

[9] *United States v. Gladding*, 775 F.3d 1149, 1152–53 (9th Cir. 2014).

[10] ECF. No. 332 at 1.

[11] ECF No. 341 at 4–5.

[12] ECF No. 318 at 1.

[13] *Id.*

recognizes the government's need to keep property until the matter concludes, I find that the government has demonstrated a legitimate reason and I deny the motion.[14]

**Conclusion**

IT IS THEREFORE ORDERED that Rushard Burton's motion for return of property **[ECF No. 332] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
July 20, 2022

---

[14] The government also points out that Burton's co-defendants have not yet been sentenced. ECF No. 341 at 4. While it is true that they hadn't been sentenced when the government filed its opposition brief, they have since been sentenced. *See* ECF No. 357 in *United States v. Ward*, Case No. 2:17-cr-00221-JAD-EJY-2; *see also* ECF No. 362 in *United States v. Caldwell*, Case No. 2:17-cr-00221-JAD-EJY-3. So that proffered reason is moot, and I don't weigh it in my decision.