**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America, | Case No.: 2:17-cr-00221-JAD-EJY |
| Plaintiff | |
| v. | **Order Denying Motion to Reduce Sentence** |
| Rushard Burton, | [ECF No. 379, 382] |
| Defendant | |

Defendant Rushard Burton is serving a nine-year sentence for armed robbery. He moves for a sentence reduction based on recent changes to the sentencing guidelines known commonly as Amendment 821. His counsel at the Federal Public Defender's office, appointed under General Order 2023-9, filed a notice of non-eligibility, disagreeing with Burton's pro se calculations.[1] Because Burton does not qualify for an adjustment to his offense level under Amendment 821, I deny his motion.

**Discussion**

The Sentencing Commission submitted criminal-history amendments to Congress in May 2023, they took effect in November 2023, and courts may apply them retroactively beginning in February 2024.[2] Burton argues that he is entitled to a two-point reduction to his offense level under § 4C1.1.[3] New § 4C1.1 lowers the offense level of zero-point offenders whose crime did not involve specific aggravating factors.[4] Zero-point offenders are defendants with no criminal-history points. The Commission found that these offenders have lower recidivism rates than

---

[1] ECF No. 387 (notice of non-eligibility).

[2] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60534 (Sept. 1, 2023).

[3] ECF Nos. 379, 382. Burton filed two identical sentence-reduction motions.

[4] U.S. Sent'g Comm'n Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023).

other offenders, including those with one criminal-history point, that warrant a reduction in offense level.[5]  A defendant with zero criminal-history points whose offense did not involve threats of violence or sexual acts may now receive a two-level decrease in his offense level.[6]

Burton contends that he is eligible for a sentence reduction based on this amendment because he was incorrectly assessed one criminal-history point when he should have been given zero under United States Sentencing Guidelines § 4A1.2(c).[7]  But he misreads § 4A1.2(c).  Misdemeanor and petty offenses are generally counted when computing criminal-history points unless they are explicitly listed in § 4A1.2(c)(1) and (2) and meet other criteria.[8]  Burton received one criminal-history point for petit larceny and buying, selling, or receiving stolen property.[9]  These offenses are not included in § 4A1.2(c) nor are they similar to any of the listed offenses there.  So because Burton was correctly assessed one criminal-history point for his prior offense, he is not a zero-point offender and he is not entitled to a sentence reduction.

**Conclusion**

IT IS THEREFORE ORDERED that Rushard Burton's motions for a sentence reduction under Amendment 821 **[ECF No. 379] and [ECF No. 382] are DENIED** with prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
June 25, 2024

---

[5] U.S. Sent'g Comm'n, *Amend. to the Sent'g Guidelines* (2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

[6] *Id.*

[7] ECF No. 379 at 2.

[8] U.S. Sent'g Comm'n Guidelines Manual § 4A1.2(c) (U.S. Sent'g Comm'n 2023).

[9] Presentence Investigation Report at ¶ 74.